Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3172 | **DATE** | 2/7/2001 |
| **CASE TITLE** | Venta, bvba vs. Top Disposal II, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(f), Affirmative Defenses 2,3,4 and 5 listed in Defendants' Answer to Plaintiffs' Complaint is granted in part and denied in part. The Court strikes affirmative defenses nos. 3 and 5, but does not strike affirmative defenses nos. 2 and 4.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB - 8 2001 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | 2/7/2001 | |
| | VKD courtroom deputy's initials | 01 FEB -7 PM 3:07 Date/time received in central Clerk's Office | date mailed notice VKD6 mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VENTA (bvba) and ELEGO (cvba) | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 00 C 3172 |
| v. | ) ) | |
| TOP DISPOSAL II, INC. d/b/a INTEGRATED MATERIAL MANAGEMENT, and LOOP PAPER RECYCLING, INC. | ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

DOCKETED FEB - 8 2001

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(f), Affirmative Defenses 2,3,4 and 5 listed in Defendants' Answer to Plaintiffs' Complaint. For the reasons set forth below, this Motion is granted in part, and denied in part.

**DISCUSSION**

**A. Legal Standard for Motions to Strike Affirmative Defenses**

Motions to strike affirmative defenses are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides in pertinent part: "Upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (West 2000). Courts have consistently

25

disfavored motions to strike affirmative defenses. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *Wilson v. City of Chicago*, 900 F. Supp. 1015, 1023 (N.D. Ill. 1995), *aff'd*, 120 F.3d 681 (7th Cir. 1997). Generally, such motions will only be granted if the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F.Supp. 726, 732 (N.D. Ill. 1993); *see also Williams,* 944 F.2d at 1400 (7th Cir. 1991) (stating that court will not grant motion to strike affirmative defenses unless it finds that defense is insufficient on face of pleadings, and "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings") (citations omitted).

## B. Analysis

Based on the aforementioned principles, the Court will address Plaintiffs' arguments that affirmative defenses 2,3,4 and 5 should be stricken.[1]

Affirmative defense no. 2 states: "Plaintiff fails to state a claim upon which relief can be granted and fails to allege and

---

[1] Affirmative defense no. 1, which concerns mitigation of damages, is not part of Plaintiffs' Motion to Strike.

incorporate facts which satisfy prima facie elements for breach of contract." Affirmative defense no. 5, which Plaintiffs allege is essentially the same affirmative defense as no. 2, states: "Plaintiff has not alleged consideration to satisfy the prima facie case of breach of contract." As an initial matter (and of little substantive consequence), the Court agrees with Plaintiffs that affirmative defenses no. 2 and 5 are essentially the same affirmative defense - namely, that Plaintiffs have failed to allege facts which satisfy the *prima facie* elements for breach of contract. While affirmative defense no. 5 alleges more detail, by specifying that Plaintiffs failed to allege "consideration", the Court finds that the substance of affirmative defense no. 5 is already encompassed by affirmative defense no. 2. Therefore, as a technical matter, the Court strikes affirmative defense no. 5 as unduly redundant of affirmative defense no. 2. See Fed.R.Civ.P. 12(f).

Moving on to more significant matters, Plaintiffs request that the Court strike affirmative defense no. 2 because it is redundant of Defendants' Answer. The Court does not agree and will not strike affirmative defense no. 2. Although it was certainly not necessary for Defendants to have pled "failure-to-state-a-claim" as

-3-

an affirmative defense to Plaintiffs' cause of action (indeed, Defendants could have filed a separate motion), a plain reading of Fed.R.Civ.P. 12(b) indicates that it was clearly permissible to do so.[2] *LaSalle Nat. Bank v. Owens-Illinois*, Inc., No. 93 C 7045, 1994 WL 249542, at * 2 (N.D. Ill. June 7, 1994); *see also Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 60705, at * 3 (N.D. Ill. April 23, 1990)(finding that it is "well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer.").

Furthermore, the Court will not strike affirmative defense no. 2 on grounds that it may be redundant with general denials in the

---

[2] As a hyper-technical point, some courts have maintained that "failure-to-state-a-claim" may not be an affirmative defense, because such a claim attacks the legal sufficiency of the pleading, rather than raising a matter outside the pleading. *See Instituto Nacional v. Continental Illinois Nat. Bank and Trust Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983)(holding that failure-to-state-a-claim is not a proper affirmative defense, for a true affirmative defense raises matters outside the scope of plaintiff's *prima facie* case). However, a number of courts in the Northern District of Illinois have refused to strike a failure-to-state-a-claim defense merely because it responds to matters in the pleadings, as opposed to raising new matters. *See Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 247996, at * 2 (N.D. Ill. April 24, 1995)(listing cases); *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D. Ill. 1999)(preferring to follow those courts that recognize that Rules 12(b)(6) and 12(h)(2) give the defendant the option of presenting its failure to state a claim defense in a responsive pleading or in a separate motion).

Answer. The Court notes that "[g]iven that it may be difficult to determine whether a particular matter should be plead affirmatively, especially whether it may fall under Rule 8(c)'s[3] catch-all phrase, the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense." *Franklin Capital Corp. v. Baker and Taylor Entertainment, Inc.*, 99 C 8237, 2000 WL 1222043, at * 1 (N.D. Ill. Aug. 22, 2000)(citation omitted).

Finally, with respect to affirmative defense no. 2, the Court finds that it is plead with enough specificity (as required by notice pleading[4]) to apprize Plaintiffs of the nature of the affirmative defense, namely that plaintiffs have failed to state a claim for relief because they failed to allege facts which satisfy a *prima facie* case of breach of contract. *See Mobley, supra,* 864 F. Supp. at 732 (holding that generally pleaded defenses have been held sufficient, and invulnerable to a motion to strike, as long as the pleading gives the plaintiff fair notice of the nature of the

---

[3] Rule 8(c) sets forth the general rules of pleading affirmative defenses.

[4] Affirmative defenses are pleadings, and are therefore subject to all pleading requirements of the Federal Rules of Civil Procedure. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

defense). Importantly, the Court makes no comment as to the likely success of this affirmative defense - rather, the Court merely finds that, based on the aforementioned authority, it should not be stricken.

Nonetheless, Defendants' affirmative defense no. 3 - that Plaintiffs' claims are barred by the applicable statute of limitations - will be stricken. While a statute of limitations defense is generally a proper affirmative defense (indeed, it is even specifically listed in Rule 8(c)), in the case at bar, there are no set of facts which could support this affirmative defense. *See Codest Engineering v. Hyatt Intern. Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996)(finding that, before a motion to strike affirmative defense can be granted, court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed)(citation omitted); *Singley v. Illinois & Midland Railroad Inc.*, 24 F. Supp.2d 900, 903 (C.D. Ill. 1998)(striking affirmative defenses of waiver, release and accord, and satisfaction[5] as insufficient on the face of the pleadings).

---

[5] The affirmative defenses of waiver, release and accord, and satisfaction - as well as the statute of limitations defense - are all specifically listed as affirmative defenses in Rule

(continued...)

-6-

In the case *sub judice*, Plaintiffs allege breach of contract under Illinois law. Under Illinois law[6], as pointed out by Plaintiffs, the applicable statute of limitations on a breach of contract for an oral contract is five years (*see* 735 ILCS 5/13-205)(West 2001)); for a breach of contract based upon the Uniform Commercial Code is four years (*see* 810 ILCS 5/2-725)(West 2001)); and breach of contact based upon a written contract is ten years (*see* 735 ILCS 5/13-206)(West 2001)). Based on the Complaint – the applicable pleading in this instance – the contracts alleged to have been breached were formed by Plaintiffs and Defendants between September through December 1999. This lawsuit was filed on May 25, 2000 – well within any of the aforementioned applicable statute of limitations for breach of contract. Therefore, the Court finds that, under no set of facts for breach of contract, could the Defendants prevail on their statute of limitations affirmative

---

[5](...continued)
8(c). Nonetheless, where the face of the pleadings shows that these affirmative defenses are not applicable, they may be stricken.

[6] In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law. *Williams, supra*, 944 F.2d at 1400.

defense.[7]  Accordingly, it is stricken.

Finally, Plaintiffs request that affirmative defense no. 4 be stricken because it is redundant of Defendants' Answer, and it is not properly classified as an affirmative defense.  Affirmative defense no. 4 states: "Defendant Loop Paper Recycling, Inc. was not a party to any contract with Plaintiffs and on that basis Plaintiff has failed to state a claim."  Plaintiffs are correct that, technically, this is not an affirmative defense.  "An affirmative defense is generally an admission of the allegations of the complaint, coupled with some additional reason why the defendant should not be held liable."  *Franklin Capital Corp., supra*, 2000 WL 1222043, at * 1 (citation omitted).  Nonetheless, many courts in the Northern District of Illinois - cognizant of the liberal pleading rules and the disfavoring of motions to strike[8] - have not stricken affirmative defenses merely because they could be more

---

[7] Plaintiffs request that Defendants be sanctioned, under Rule 11 of the Federal Rules of Civil Procedure, for submitting the "frivolous" statute of limitations affirmative defense. While the Court will strike this affirmative defense (for the reasons discussed above), the Court does not find that Defendants' conduct rises to a sanctionable level.

[8] Indeed, one court in the Northern District of Illinois has characterized motions to strike affirmative defenses as "nothing other than distractions."  *See Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991).

properly classified as "denials." *See, e.g., Puritan Finance Corp. v. Steritek, Inc.*, No. 95 C 2106, 1995 WL 715863, at * 1 (N.D. Ill. Dec. 4, 1995)("The court should not grant a motion to strike if a defendant mistakenly pleads matters as affirmative defenses that could have been raised by denial.")(citation omitted); *Franklin Capital Corp., supra*, 2000 WL 1222043, at * 1 (finding that pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense). Therefore, the Court will not strike affirmative defense no. 4 merely because it would be better classified as a denial.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court strikes affirmative defenses nos. 3 and 5, but does not strike affirmative defenses nos. 2 and 4.

IT IS THEREFORE ORDERED that:

Plaintiffs' Motion to Strike Affirmative Defenses 2,3,4 and 5 be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

Dated: February 7, 2001
ENTER:

ARLANDER KEYS
United States Magistrate Judge